```
                    BEFORE THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF COLUMBIA


  SAMUEL JONATHAN ANTHONY, JR.,      .
                                     .  Case Number 19-CV-2441
           Petitioner,               .
                                     .
       vs.                           .  Washington, D.C.
                                     .  August 12, 2019
  WILLIAM P. BARR, et al.,           .  6:44 p.m.
                                     .
           Respondents.              .
  - - - - - - - - - - - - - - - - -


              TRANSCRIPT OF TELEPHONIC MOTION HEARING
              BEFORE THE HONORABLE DABNEY FRIEDRICH
                    UNITED STATES DISTRICT JUDGE



  APPEARANCES:

  For the Petitioner:         KEVIN McCANTS, ESQ.
                              The McCants Firm
                              601 Pennsylvania Avenue Northwest
                              Suite 900
                              Washington, DC 20004

  For the Respondent:         PATRICIA McBRIDE, ESQ.
                              United States Attorney's Office
                              555 Fourth Street Northwest
                              Washington, D.C. 20530




  Official Court Reporter:    SARA A. WICK, RPR, CRR
                              333 Constitution Avenue Northwest
                              U.S. Courthouse, Room 4704-B
                              Washington, D.C. 20001
                              202-354-3284


  Proceedings recorded by stenotype shorthand.
  Transcript produced by computer-aided transcription.
```

```
                       P R O C E E D I N G S
 1
 2          THE COURTROOM DEPUTY:  This is Civil Case year
 3   2019-2441, Samuel Jonathan Anthony, Jr., versus William P. Barr,
 4   et al.
 5      Counsel, please introduce yourselves for the record,
 6   beginning with the petitioner.
 7          MR. McCANTS:  Good evening, Your Honor.  Kevin McCants
 8   appearing for Samuel Jonathan Anthony, petitioner.
 9          THE COURT:  Good afternoon, Mr. McCants.
10          MS. McBRIDE:  Good afternoon, Your Honor.  Patricia
11   McBride, appearing on behalf of the defendant.
12          THE COURT:  All right.  Thank you, Ms. McBride, for
13   being available on such short notice.  Have you had a chance to
14   review the emergency application for stay of removal and
15   temporary restraining order?
16          MS. McBRIDE:  Your Honor, I did have an opportunity to
17   not thoroughly review but I did look over it.  I was intending
18   to reach out to see if I could get in contact with any of the
19   defendants but have been unable to.
20          THE COURT:  All right.  My understanding is that, at
21   least according to the complaint and the temporary restraining
22   order application, is that the petitioner, Samuel Jonathan
23   Anthony, Jr., is scheduled for removal tomorrow morning.
24      Is that correct, Mr. McCants?
25          MR. McCANTS:  That is correct, Your Honor.
```

1     THE COURT:  Okay.  So Ms. McBride, let's assume for a
2  moment that that is true.  I am wondering whether the government
3  would be amenable to temporarily staying this to preserve the
4  status quo so that that would give you time to brief the issues
5  and give me time to consider the arguments on both sides.
6     MS. McBRIDE:  Your Honor, I am not quite sure if I can
7  reach out to the appropriate people to be able to answer that
8  correctly.
9     I did just receive an e-mail requesting the "A" number,
10 which I don't believe we were able to find in the documents.
11 That may be helpful to the agencies.  Someone reached out to me
12 and asked me for the "A" number, if counsel has that.
13     THE COURT:  Do you have that, Mr. McCants?
14     MR. McCANTS:  Yes, Your Honor.  Let me pull that up
15 right now.
16     THE COURT:  I know you, Ms. McBride, have a 7:00 p.m.
17 deadline you need to get out of here.  I am really reluctant to
18 leave this hanging until tomorrow morning and run the risk that
19 some order doesn't get communicated in a timely fashion.  He is
20 ordered removed.
21     MS. McBRIDE:  Your Honor, I am going to provide the
22 "A" number.
23     And Your Honor, I will stay on the line.  My only problem
24 is -- I have to get into my car and can get back on the line.  I
25 just have to pick up my son from a football practice.

1           THE COURT:  All right.  So go ahead, Mr. McCants.
2           MR. McCANTS:  I am looking for it.  I am still trying
3     to find that information, Your Honor.
4           THE COURT:  Where is the petitioner now?
5           MR. McCANTS:  He is in Texas, Alvarado, Texas.
6           COURT REPORTER:  Counsel, I am having a hard time
7     hearing you.  Could you speak up?
8           MR. McCANTS:  He is in Texas.  I am trying to get the
9     information on the number.
10          MS. McBRIDE:  And I looked through them before, and I
11    did not see it, and I am also looking through them now again.
12       And I am just trying to shoot an e-mail to all of the
13    agencies to see if that is possible.
14          THE COURT:  Ms. McBride, if you are able to confirm
15    that Mr. Anthony has, in fact, filed for a U Visa, will you
16    agree that he would suffer irreparable harm if he were removed
17    from the United States?
18          MS. McBRIDE:  I'm not sure about that, Your Honor.
19    I'm just asking these questions as I am being asked so that the
20    agencies can answer for me so I can relay the correct
21    information to the Court.
22          THE COURT:  All right. Mr. McCants, you don't have
23    Mr. Anthony's "A" number?
24          MR. McCANTS:  Not yet, Your Honor.  I am looking
25    through the documents that have been submitted to me by Samuel

1   today.  I don't see it.  I have sent him both e-mails and text
2   messages.
3              THE COURT:  And Ms. McBride, how about a date of
4   birth?  Do you have that?  I do.  7/20/72.  Have you tried that,
5   Ms. McBride?
6              MS. McBRIDE:  Your Honor, I saw that in the documents,
7   and I sent that to the agencies, his date of birth.
8              MR. McCANTS:  I do have his number now.  091-203-818.
9              MS. McBRIDE:  And Your Honor, I am going to put the
10  phone down for just a second.  I understand I am not supposed to
11  have this on speakerphone, but I want to be able to put that
12  information in.
13             THE COURT:  Of course.
14             MS. McBRIDE:  Thank you, Your Honor.
15        (Pause.)
16             MS. McBRIDE:  Thank you.  I am just sending that
17  information now.
18             THE COURT:  At what point do you need to leave?
19             MS. McBRIDE:  I am fine for now.  I just want them to
20  answer me -- I'm sorry.  They sent me something.  Court's
21  indulgence.
22        (Pause.)
23             MS. McBRIDE:  Somebody sent me case law, which is not
24  very helpful.
25        So I just sent a request to see if the agencies object to

```
 1    the stay, and I am hoping they answer quickly.  And I also
 2    provided the "A" number that counsel just gave me.
 3              THE COURT:  All right.  And to be clear, Ms. McBride,
 4    I at this point would entertain a stay even one day, if you
 5    would agree to it.  I think it would be preferable to have a
 6    hearing on this in a few days, or if you just want to treat this
 7    as a PI, combine as much of this as we could.
 8              MS. McBRIDE:  Could the Court hold on for one second?
 9    I just want to make sure that is something I can agree to.
10              THE COURT:  Sure.
11              MS. McBRIDE:  Thank you, Your Honor.
12         (Pause.)
13              MS. McBRIDE:  Your Honor, I am so sorry.  I cannot
14    agree to a stay.  Hello?
15              THE COURT:  Yes.
16              MS. McBRIDE:  Yes.  I have to get my supervisor, Your
17    Honor.  Could you hold on?
18              THE COURT:  Sure.
19         (Pause.)
20              MS. McBRIDE:  We haven't gotten the agencies' okay,
21    and so we cannot agree to a stay.
22              THE COURT:  All right.  Ms. McBride, it does seem to
23    me, reviewing Mr. Anthony's papers, that there is imminent harm
24    likely to result to Mr. Anthony if he is, in fact, removed from
25    the country before I have an opportunity to rule on his motion
```

```
 1    for a temporary restraining order.
 2         So I do find it appropriate at this stage to grant the
 3    request for stay of removal simply to preserve the status quo
 4    pending further briefing on this issue.
 5              MS. McBRIDE:  Your Honor, could we report back to the
 6    Court in the morning?
 7              THE COURT:  That's fine.  My concern, though, is
 8    absent a future order by me, I want to be clear that what I am
 9    ordering now is that the defendants and their officers, agents,
10    servants, employees, attorneys, and all of those who are in
11    active concert or in participation with them are temporarily
12    restrained from removing the petitioner, Mr. Anthony, until
13    further order of the Court.  All right?
14         So I am happy to revisit this tomorrow, but I just want to
15    be clear that unless and until I do revisit it, that the United
16    States cannot remove Mr. Anthony from the United States.
17              MR. McCANTS:  Thank you, Your Honor.
18              MS. McBRIDE:  Your Honor, I will notify the agency.
19    Just for the record, we did not agree to a stay, but I will
20    notify the agencies of the Court's order.
21              THE COURT:  Yes.  And I do invite a response from you
22    all, and I will revisit this.  But at this point, all I have is
23    the papers provided by Mr. Anthony, and it does seem to me that
24    there are -- there is imminent harm and potential for success on
25    the merits, although I do understand that the government may
```

1  have strong arguments in response.  I just haven't heard them
2  yet.
3         So based on the one-side briefing I have here, I am
4  granting the TRO, at least at this stage.
5         But Ms. McBride, I will revisit this tomorrow.  If you all
6  have authority you want me to consider, I will do so.  The
7  problem is, my understanding is that he is scheduled to be
8  removed first thing in the morning, and it doesn't sound like we
9  are going to have that kind of response from the government
10 before then.
11              MS. McBRIDE:  And Your Honor, just for the record
12 also, counsel and my supervisor who provided this to me only
13 received the information a short time ago, and as soon as I --
14              THE COURT:  No, I understand.
15              MS. McBRIDE:  I immediately sent out a request and was
16 asked for the "A" number, and I am going to let them know right
17 now what transpired during this call.
18              THE COURT:  I understand.  And I, too, didn't receive
19 these papers until after 4:00 or so.  So we are all on the same
20 page here.
21        And Ms. McBride, I welcome any filing from the government
22 as quickly as it can get it together, and to the extent the
23 record needs to be corrected or there is other authority I
24 should consider, I will do so promptly.  But I need you to
25 provide that.

```
 1              MS. McBRIDE:  Yes, Your Honor.
 2              THE COURT:  All right?  At this point I don't think I
 3   have a choice, not having any -- I'm not faulting you
 4   individually or the government, for that matter, because you
 5   just received notice of this now.  But if, in fact, he is
 6   scheduled to be removed tomorrow, based on what is before me, I
 7   am temporarily restraining the government from doing so.
 8              MS. McBRIDE:  Yes, Your Honor.
 9              THE COURT:  But Ms. McBride, how would you like to
10   proceed?  Would you like to file something tomorrow?  Do you
11   want to meet and confer with the plaintiff about a briefing
12   schedule for further proceedings?
13              MS. McBRIDE:  Your Honor, we would request a status
14   hearing tomorrow morning at 10:00 a.m.  I am hoping the agencies
15   will respond to me by then, and I can prepare and file anything
16   necessary.  But I would ask that we have a follow-up status
17   hearing tomorrow morning.
18              THE COURT:  All right.  I am having emergency dental
19   work done tomorrow morning at 10:20.  I can remotely be on a
20   call in the morning, but I am going to be out of commission for
21   a couple of hours tomorrow probably from 10:15 until probably
22   1:00 at least.
23              MS. McBRIDE:  Can we reconvene in the afternoon when
24   the Court's available?
25              THE COURT:  That's fine.  I am happy to try and
```

1  connect with you all remotely, but I'm going to have limited
2  time at 10:00.
3              MS. McBRIDE:  Yes, Your Honor; yes, Your Honor.
4              THE COURT:  But is it -- is your concern that if he is
5  scheduled to be removed tomorrow, that there is something that I
6  should consider before that removal and maybe change my mind?
7  Is that your concern?
8              MS. McBRIDE:  That, in addition to the fact that I
9  tried to alert everyone, and I don't want that to happen.  I
10 want to make sure they are getting the order that the Court has
11 issued.  I don't want anything to happen before that, and I want
12 to make sure I am reaching out or reached out to the
13 governmental agencies that need to know to stop --
14             THE COURT:  Right.  I understand.  So you do need to
15 do that, and if there is -- if it is important to talk with me
16 at 10:00, I will make myself available by cell phone then.
17             MS. McBRIDE:  Yes, Your Honor.  Thank you.
18             THE COURT:  But I will have 15 minutes, and then I
19 will be unavailable.
20      But I would assume, Ms. McBride -- I've dealt with
21 immigration prosecutions before, not so much INS proceedings,
22 but I would assume that there are removal proceedings that occur
23 all day and every day; right?  There is nothing magical about
24 tomorrow morning with respect to Mr. Anthony, is there, that you
25 can think of?

1            MS. McBRIDE:  Not that I can think of.  This is the
2   first time I've handled a situation like this.  I am just trying
3   to make sure all the agencies are alerted, and as soon as I get
4   off the phone with you, I am going to get on the phone to try to
5   call and get a response.  I've sent out the e-mails, but I am
6   going to follow through.
7            THE COURT:  All right.  And again, Ms. McBride, if you
8   want to reconnect tomorrow around 10:00, I can be available
9   then.
10            MS. McBRIDE:  Yes, Your Honor.  And I will call you.
11            THE COURT:  Tomorrow afternoon as well.  But if you
12   do -- if both sides are willing and able to reach an agreement
13   regarding further proceedings in this case, whether it's a
14   hearing on the temporary restraining order -- I've granted it
15   now, but I will revisit it.  We can do so on Wednesday.  But I
16   do need some briefing from the government.
17       Alternatively, if you want to merge this with either --
18   have me treat this as a motion for preliminary injunction or you
19   all meet and agree that we are going to consolidate the
20   consideration of that with a decision on the merits, I am
21   amenable to all of that.  I would just encourage you all to talk
22   and propose something jointly if you are able to reach an
23   agreement.
24            MR. McCANTS:  Yes, Your Honor.
25            MS. McBRIDE:  Yes, Your Honor.

1            THE COURT:  At this point I am not setting a briefing
2    schedule, and we will await to hear from you, Ms. McBride.  To
3    the extent you all can meet and confer and have a plan that you
4    agree to, that is even better.
5            MR. McCANTS:  Your Honor, I would ask -- I do have a
6    conflict at 10:00 a.m. tomorrow which would be very difficult to
7    move.
8            THE COURT:  Mr. McCants, we can't hear you.
9            MR. McCANTS:  I'm sorry, Your Honor.  Can you hear me
10   now, Your Honor?
11           THE COURT:  A little bit.  You just need to speak up.
12           MR. McCANTS:  Oh, okay.  I do have a conflict at
13   10:00 a.m. tomorrow.  Is it possible that we could meet in the
14   afternoon?
15           THE COURT:  You don't have anyone who can stand in for
16   you?
17           MR. McCANTS:  I do.
18           THE COURT:  All right.  Given that you filed this late
19   today and the government has just received notice, I do think it
20   is only fair to allow them to respond in the morning, if they so
21   choose.  So Mr. McCants, I would ask that you get a backup
22   attorney available to handle that tomorrow morning, if
23   necessary.
24           MR. McCANTS:  Yes, Your Honor.
25           THE COURT:  All right.  Anything else, Ms. McBride?

1           MS. McBRIDE:  Yes, Your Honor.
2           THE COURT:  Nothing further?
3           MS. McBRIDE:  Nothing further.
4           MR. McCANTS:  Will it be the same call-in number?
5           THE COURT:  Yes.  Someone from chambers or the
6    courtroom deputy will be in touch with both of you tomorrow
7    morning.
8        And Ms. McBride, if there is no point in talking at
9    10:00 a.m., if you still don't have answers and briefing, then
10   let's -- I agree, let's put it off, as Mr. McCants suggested, at
11   least until the afternoon.
12          MS. McBRIDE:  Yes, Your Honor.  I will call your law
13   clerk in the morning.
14          THE COURT:  Okay.  Terrific.  All right.  Thank you
15   both.
16       (Proceedings adjourned at 7:03 p.m.)

```
 1                CERTIFICATE OF OFFICIAL COURT REPORTER
 2
 3           I, Sara A. Wick, certify that the foregoing is a
 4   correct transcript from the record of proceedings in the
 5   above-entitled matter.
 6
 7
 8   /s/ Sara A. Wick                    September 22, 2019
 9   SIGNATURE OF COURT REPORTER         DATE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```